O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DEWAYNE KIMBLE, | NO. CV 11-8415-DDP (MAN) |
| Petitioner, | |
| v. | ORDER: DISMISSING PETITION |
| PEOPLE, | WITHOUT PREJUDICE; AND DENYING |
| Respondent. | CERTIFICATE OF APPEALABILITY |

On October 12, 2011, Petitioner, a California prisoner, filed a habeas petition in this Court pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition consists only of four pages, which correspond to Pages 1, 2, 3, and 8 of a Section 2254 petition form previously used in this district. The Petition fails to indicate what federal habeas claims Petitioner seeks to raise and does not contain complete information regarding what appeal and/or post-conviction proceedings, if any, Petitioner has pursued. In addition, the Petition improperly names "People" as the Respondent in this action, rather than the Warden of the prison in which Petitioner is incarcerated (North Kern State Prison).

Accordingly, the Petition is substantially defective under Rule 2(a) and (c) of the Rules Governing Section 2254 Cases in the United States District Court, and its dismissal is warranted on that procedural ground. However, the Petition is subject to a more fundamental defect that cannot be corrected by amendment. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition is unexhausted.[1] Therefore, the Petition must be dismissed without prejudice.

**BACKGROUND**

The Petition alleges that, on "7/5/0-29 [*sic*]," Petitioner was convicted of two counts of murder, pursuant to a guilty plea in the "Torrance Court" (presumably, the Torrance branch of the Los Angeles Superior Court). (Petition at 3.) The Petition further alleges that, on July 20, 2011, Petitioner was sentenced to "life," and he has not appealed his conviction and/or sentence. (*Id.*) The Petition also alleges that Petitioner does not have any habeas or other post-conviction attack on his conviction and/or sentence pending in any state or federal court. (Petition at 4.)

---

[1] The Court may raise exhaustion problems *sua sponte*. Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); *see also* Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675-76 (1987).

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed, and takes judicial notice of, the electronic dockets for the California Court of Appeal, Second Appellate District, and the California Supreme Court.[2]  Those judicially-noticed records show that Petitioner has not filed any action in either state court, whether appellate, habeas, or otherwise.

## DISCUSSION

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented.  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005)("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies.").  "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999)(emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004)(in order to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly

---

[2]   Available at http://appellatecases.courtinfo.ca.gov.

present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights.  See Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003)(*en banc*); Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001).  A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court.  See Baldwin, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

Given Petitioner's failure to seek *any* relief in the state courts with respect to his present conviction and/or sentence, the state high court has not been afforded a chance to rule on Petitioner's claims, whatever they may be, and Petitioner has failed to exhaust his available state court remedies.  Accordingly, the Petition must be dismissed without prejudice.[3]  Rose, 455 U.S. at 522, 102 S. Ct. at 1205.  If Petitioner does properly exhaust his claims by fairly presenting them to the California Supreme Court, he may file, following that court's ruling, a *new* habeas petition in this Court.[4]

---

[3]   As the Petition is fully unexhausted, it cannot be stayed while Petitioner pursues exhaustion.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

[4]   The Court advises Petitioner that he must be mindful of the **one-year statute of limitations for bringing federal habeas actions**.  *See* 28 U.S.C. § 2254(d)(1).  In view of the one-year limitations period, **Petitioner is cautioned that he should proceed with diligence** in his exhaustion efforts and in returning to federal court, should he wish to pursue federal habeas relief.  **He further is advised that:  the filing and pendency of this action does not toll the one-year limitations**

1    For the foregoing reasons, IT IS ORDERED that:  the Petition is
2 dismissed without prejudice; and Judgment shall be entered dismissing
3 this action, without prejudice, for failure to exhaust available state
4 remedies.

6    In addition, pursuant to Rule 11(a) of the Rules Governing Section
7 2254 Cases in the United States District Courts, the Court has
8 considered whether a certificate of appealability is warranted in this
9 case.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-
10 85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a
11 certificate of appealability is unwarranted and, thus, a certificate of
12 appealability is DENIED.

14 DATED: October 25, 2011 .

                                    _____
                                          DEAN D. PREGERSON
                                    UNITED STATES DISTRICT JUDGE


18 PRESENTED BY:

    _____
         MARGARET A. NAGLE
21 UNITED STATES MAGISTRATE JUDGE

---

27 **period, which continues to run; and any subsequent federal habeas
petition he may file will be a new and separate habeas petition, which
28 will not relate back to the filing date of the current Petition.**